# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Carlos Ochoa

**DEFENDANTS**
Casa Nova LED LLC d/b/a Casa Nova Grill et al.

**(b)** County of Residence of First Listed Plaintiff: **Essex**
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: _____
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
The Law Offices of Jacob Aronauer, 250 Broadway, Suite 600, New York, NY 10007 (212) 323-6980

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- [ ] 1 U.S. Government Plaintiff
- [x] 3 Federal Question *(U.S. Government Not a Party)*
- [ ] 2 U.S. Government Defendant
- [ ] 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)* (For Diversity Cases Only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | [ ] 1 | [ ] 1 | Incorporated *or* Principal Place of Business In This State | [ ] 4 | [ ] 4 |
| Citizen of Another State | [ ] 2 | [ ] 2 | Incorporated *and* Principal Place of Business In Another State | [ ] 5 | [ ] 5 |
| Citizen or Subject of a Foreign Country | [ ] 3 | [ ] 3 | Foreign Nation | [ ] 6 | [ ] 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

**CONTRACT**
- [ ] 110 Insurance
- [ ] 120 Marine
- [ ] 130 Miller Act
- [ ] 140 Negotiable Instrument
- [ ] 150 Recovery of Overpayment & Enforcement of Judgment
- [ ] 151 Medicare Act
- [ ] 152 Recovery of Defaulted Student Loans (Excludes Veterans)
- [ ] 153 Recovery of Overpayment of Veteran's Benefits
- [ ] 160 Stockholders' Suits
- [ ] 190 Other Contract
- [ ] 195 Contract Product Liability
- [ ] 196 Franchise

**REAL PROPERTY**
- [ ] 210 Land Condemnation
- [ ] 220 Foreclosure
- [ ] 230 Rent Lease & Ejectment
- [ ] 240 Torts to Land
- [ ] 245 Tort Product Liability
- [ ] 290 All Other Real Property

**TORTS — PERSONAL INJURY**
- [ ] 310 Airplane
- [ ] 315 Airplane Product Liability
- [ ] 320 Assault, Libel & Slander
- [ ] 330 Federal Employers' Liability
- [ ] 340 Marine
- [ ] 345 Marine Product Liability
- [ ] 350 Motor Vehicle
- [ ] 355 Motor Vehicle Product Liability
- [ ] 360 Other Personal Injury
- [ ] 362 Personal Injury - Medical Malpractice

**CIVIL RIGHTS**
- [ ] 440 Other Civil Rights
- [ ] 441 Voting
- [ ] 442 Employment
- [ ] 443 Housing/Accommodations
- [ ] 445 Amer. w/Disabilities - Employment
- [ ] 446 Amer. w/Disabilities - Other
- [ ] 448 Education

**TORTS — PERSONAL INJURY**
- [ ] 365 Personal Injury - Product Liability
- [ ] 367 Health Care/Pharmaceutical Personal Injury Product Liability
- [ ] 368 Asbestos Personal Injury Product Liability

**PERSONAL PROPERTY**
- [ ] 370 Other Fraud
- [ ] 371 Truth in Lending
- [ ] 380 Other Personal Property Damage
- [ ] 385 Property Damage Product Liability

**PRISONER PETITIONS — Habeas Corpus:**
- [ ] 463 Alien Detainee
- [ ] 510 Motions to Vacate Sentence
- [ ] 530 General
- [ ] 535 Death Penalty
**Other:**
- [ ] 540 Mandamus & Other
- [ ] 550 Civil Rights
- [ ] 555 Prison Condition
- [ ] 560 Civil Detainee - Conditions of Confinement

**FORFEITURE/PENALTY**
- [ ] 625 Drug Related Seizure of Property 21 USC 881
- [ ] 690 Other

**LABOR**
- [x] 710 Fair Labor Standards Act
- [ ] 720 Labor/Management Relations
- [ ] 740 Railway Labor Act
- [ ] 751 Family and Medical Leave Act
- [ ] 790 Other Labor Litigation
- [ ] 791 Employee Retirement Income Security Act

**IMMIGRATION**
- [ ] 462 Naturalization Application
- [ ] 465 Other Immigration Actions

**BANKRUPTCY**
- [ ] 422 Appeal 28 USC 158
- [ ] 423 Withdrawal 28 USC 157

**INTELLECTUAL PROPERTY RIGHTS**
- [ ] 820 Copyrights
- [ ] 830 Patent
- [ ] 835 Patent - Abbreviated New Drug Application
- [ ] 840 Trademark
- [ ] 880 Defend Trade Secrets Act of 2016

**SOCIAL SECURITY**
- [ ] 861 HIA (1395ff)
- [ ] 862 Black Lung (923)
- [ ] 863 DIWC/DIWW (405(g))
- [ ] 864 SSID Title XVI
- [ ] 865 RSI (405(g))

**FEDERAL TAX SUITS**
- [ ] 870 Taxes (U.S. Plaintiff or Defendant)
- [ ] 871 IRS—Third Party 26 USC 7609

**OTHER STATUTES**
- [ ] 375 False Claims Act
- [ ] 376 Qui Tam (31 USC 3729(a))
- [ ] 400 State Reapportionment
- [ ] 410 Antitrust
- [ ] 430 Banks and Banking
- [ ] 450 Commerce
- [ ] 460 Deportation
- [ ] 470 Racketeer Influenced and Corrupt Organizations
- [ ] 480 Consumer Credit (15 USC 1681 or 1692)
- [ ] 485 Telephone Consumer Protection Act
- [ ] 490 Cable/Sat TV
- [ ] 850 Securities/Commodities/Exchange
- [ ] 890 Other Statutory Actions
- [ ] 891 Agricultural Acts
- [ ] 893 Environmental Matters
- [ ] 895 Freedom of Information Act
- [ ] 896 Arbitration
- [ ] 899 Administrative Procedure Act/Review or Appeal of Agency Decision
- [ ] 950 Constitutionality of State Statutes

## V. ORIGIN *(Place an "X" in One Box Only)*

- [x] 1 Original Proceeding
- [ ] 2 Removed from State Court
- [ ] 3 Remanded from Appellate Court
- [ ] 4 Reinstated or Reopened
- [ ] 5 Transferred from Another District *(specify)*
- [ ] 6 Multidistrict Litigation - Transfer
- [ ] 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FLSA and FMLSA

Brief description of cause:
Unpaid wages and employment discrimination

## VII. REQUESTED IN COMPLAINT:

- [ ] CHECK IF THIS IS A **CLASS ACTION** UNDER RULE 23, F.R.Cv.P.

**DEMAND $** _____

CHECK YES only if demanded in complaint:
**JURY DEMAND:** [ ] Yes  [x] No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 02/23/2024

SIGNATURE OF ATTORNEY OF RECORD: *(signature)*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____

# INSTRUCTIONS FOR ATTORNEYS COMPLETING CIVIL COVER SHEET FORM JS 44

Authority For Civil Cover Sheet

The JS 44 civil cover sheet and the information contained herein neither replaces nor supplements the filings and service of pleading or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. Consequently, a civil cover sheet is submitted to the Clerk of Court for each civil complaint filed. The attorney filing a case should complete the form as follows:

**I.(a)** **Plaintiffs-Defendants.** Enter names (last, first, middle initial) of plaintiff and defendant. If the plaintiff or defendant is a government agency, use only the full name or standard abbreviations. If the plaintiff or defendant is an official within a government agency, identify first the agency and then the official, giving both name and title.

  **(b)** **County of Residence.** For each civil case filed, except U.S. plaintiff cases, enter the name of the county where the first listed plaintiff resides at the time of filing. In U.S. plaintiff cases, enter the name of the county in which the first listed defendant resides at the time of filing. (NOTE: In land condemnation cases, the county of residence of the "defendant" is the location of the tract of land involved.)

  **(c)** **Attorneys.** Enter the firm name, address, telephone number, and attorney of record. If there are several attorneys, list them on an attachment, noting in this section "(see attachment)".

**II.** **Jurisdiction.** The basis of jurisdiction is set forth under Rule 8(a), F.R.Cv.P., which requires that jurisdictions be shown in pleadings. Place an "X" in one of the boxes. If there is more than one basis of jurisdiction, precedence is given in the order shown below.
United States plaintiff. (1) Jurisdiction based on 28 U.S.C. 1345 and 1348. Suits by agencies and officers of the United States are included here.
United States defendant. (2) When the plaintiff is suing the United States, its officers or agencies, place an "X" in this box.
Federal question. (3) This refers to suits under 28 U.S.C. 1331, where jurisdiction arises under the Constitution of the United States, an amendment to the Constitution, an act of Congress or a treaty of the United States. In cases where the U.S. is a party, the U.S. plaintiff or defendant code takes precedence, and box 1 or 2 should be marked.
Diversity of citizenship. (4) This refers to suits under 28 U.S.C. 1332, where parties are citizens of different states. When Box 4 is checked, the citizenship of the different parties must be checked**.** (See Section III below**; NOTE: federal question actions take precedence over diversity cases.**)

**III.** **Residence (citizenship) of Principal Parties.** This section of the JS 44 is to be completed if diversity of citizenship was indicated above. Mark this section for each principal party.

**IV.** **Nature of Suit.** Place an "X" in the appropriate box. If there are multiple nature of suit codes associated with the case, pick the nature of suit code that is most applicable. Click here for: Nature of Suit Code Descriptions.

**V.** **Origin.** Place an "X" in one of the seven boxes.
Original Proceedings. (1) Cases which originate in the United States district courts.
Removed from State Court. (2) Proceedings initiated in state courts may be removed to the district courts under Title 28 U.S.C., Section 1441.
Remanded from Appellate Court. (3) Check this box for cases remanded to the district court for further action. Use the date of remand as the filing date.
Reinstated or Reopened. (4) Check this box for cases reinstated or reopened in the district court. Use the reopening date as the filing date.
Transferred from Another District. (5) For cases transferred under Title 28 U.S.C. Section 1404(a). Do not use this for within district transfers or multidistrict litigation transfers.
Multidistrict Litigation – Transfer. (6) Check this box when a multidistrict case is transferred into the district under authority of Title 28 U.S.C. Section 1407.
Multidistrict Litigation – Direct File. (8) Check this box when a multidistrict case is filed in the same district as the Master MDL docket.
**PLEASE NOTE THAT THERE IS NOT AN ORIGIN CODE 7.** Origin Code 7 was used for historical records and is no longer relevant due to changes in statute.

**VI.** **Cause of Action.** Report the civil statute directly related to the cause of action and give a brief description of the cause. **Do not cite jurisdictional statutes unless diversity.** Example: U.S. Civil Statute: 47 USC 553 Brief Description: Unauthorized reception of cable service.

**VII.** **Requested in Complaint.** Class Action. Place an "X" in this box if you are filing a class action under Rule 23, F.R.Cv.P.
Demand. In this space enter the actual dollar amount being demanded or indicate other demand, such as a preliminary injunction.
Jury Demand. Check the appropriate box to indicate whether or not a jury is being demanded.

**VIII.** **Related Cases.** This section of the JS 44 is used to reference related pending cases, if any. If there are related pending cases, insert the docket numbers and the corresponding judge names for such cases.

**Date and Attorney Signature.** Date and sign the civil cover sheet.

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
-----------------------------------------------------------------------X
CARLOS OCHOA, individually and
on behalf of others similarly situated,

                        Plaintiff,

       -against-

CASA NOVA LED LLC, d/b/a CASA NOVA GRILL,
BRAZILIAN BARBECUE CASA NOVA III INC. d/b/a
CASA NOVA ADAMS, SPAIN INN INC. d/b/a SPAIN
INN II, and JOSE MOREIRA, individually,

                        Defendants.
-----------------------------------------------------------------------X

**COMPLAINT**

**FLSA COLLECTIVE**

Plaintiff Carlos Ochoa ("Ochoa or Plaintiff") individually and on behalf of others similarly situated, by and through his attorney, Jacob Aronauer of The Law Offices of Jacob Aronauer, complaining of Casa Nova LED LLC, d/b/a Casa Nova Grill ("Casa Nova"), Brazilian Barbecue Casa Nova III Inc. d/b/a Casa Nova Adams ("Brazilian Barbecue"), Spain Inn Inc. d/b/a Spain Inn II ("Spain Inn"), and Jose Moreira ("Moreira"), individually (collectively "Defendants"), allege as follows:

**PRELIMINARY STATEMENT**

1. This is a civil action brought by Plaintiff on behalf of himself and all similarly situated workers ("Workers") who worked for Defendants to recover unpaid minimum wage compensation, overtime compensation owed to them pursuant to the Fair Labor Standards Act ("FLSA"), the New Jersey Wage and Hour Law N.J.S.A. 34:11-56(a) *et seq.*, ("NJWHL") and the New Jersey Wage Payment Law, N.J.S.A. 34:11-4 *et seq.*, ("NJWPL"), respectively.

2. Plaintiff and his similarly situated coworkers worked at restaurants owned and/or operated by Moreira.

3. Plaintiff bring this action on behalf of himself and all similarly situated current and former Workers who elect to opt-in to this action pursuant to the FLSA, 29 U.S.C. §§ 201 *et seq.*, and specifically, the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the wage and hour and wage notice provisions of the FLSA.

4. Plaintiff and the FLSA Collective seek injunctive and declaratory relief against Defendants' unlawful actions, compensation for their failure to pay minimum wage, overtime wages, unpaid earned wages and liquidated damages, compensatory damages, pre-judgment and post-judgment interest, and attorneys' fees and costs, pursuant to the FLSA, NJWHL, and NJWPL.

5. Plaintiff also bring this action against Defendants for violations of the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. ("FMLA") and the New Jersey Law Against Discrimination ("NJ LAD"), seeking all damages, including, but not limited to, economic loss, compensatory, liquidated, and punitive damages, as well as all other relief deemed appropriate under applicable law.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action under 28 U.S.C. § 1331, 29 U.S.C. §§ 216(b) and (c), and 217; and 28 U.S.C. § 1337.

7. This Court has supplemental jurisdiction over the New Jersey state law claims under the principles of pendent and ancillary jurisdiction.

8. Venue is proper in this district under 28 U.S.C. § 1391(b)(c) and 28 U.S.C. § 1391(b)(2), because all or a substantial part of the events or omissions giving rise to the claims occurred herein.

## PARTIES

**Plaintiff Carlos Ochoa**

9. Ochoa is and was at all times relevant hereto an adult individual residing in Essex County, New Jersey.

10. From on or about June 8, 2017, until on or about June 27, 2023, Ochoa worked for Defendants.

11. Ochoa was employed as a cleaner worker for Casa Nova Grill.

12. Ochoa was a covered employee within the meaning of the FLSA, NJWHL, NJ LAD and NJWPL.

**Defendant Casa Nova Grill**

13. On information and belief, Casa Nova Grill is a business incorporated in the State of New Jersey, operating in the restaurant industry, with its principal place of business located at 264 Ferry St, Newark, NJ 07105.

14. At all times relevant to this action, Casa Nova Grill was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

15. On information and belief, Moreira is the owner of Casa Nova Grill.

16. Moreira is a registered agent for Casa Nova Grill.

17. On information and belief, Moreira owns and maintains control, oversight, and direction over Casa Nova Grill.

18. On information and belief, Casa Nova Grill (1) engages in commerce or in the production of goods for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.

19. Defendant Casa Nova Grill employs similarly situated employees of the FLSA Collective at all times relevant.

**Defendant Brazilian Barbecue Casa Nova III Inc.**

20. On information and belief, Brazilian Barbecue is a business incorporated in the State of New Jersey, operating in the restaurant industry, with its principal place of business located at 70 Adams St, Newark, NJ 07105.

21. At all times relevant to this action, Brazilian Barbecue was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

22. On information and belief, Moreira is the owner of Brazilian Barbecue.

23. Moreira is a registered agent for Brazilian Barbecue.

24. On information and belief, Moreira owns and maintains control, oversight, and direction over Brazilian Barbecue.

25. On information and belief, Jiang Nan NJM (1) engages in commerce or in the production of goods for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.

26. Defendant Brazilian Barbecue employs similarly situated employees of the FLSA Collective at all times relevant.

**Defendant Spain Inn II**

27. On information and belief, Spain Inn II is a business incorporated in the State of New Jersey, operating in the restaurant industry, with its principal place of business located at 1045 NJ-173, Asbury, NJ 08802.

28. At all times relevant to this action, Spain Inn was an "enterprise engaged in interstate commerce" within the meaning of the FLSA.

29. On information and belief, Moreira is the owner of Spain Inn.

30. Moreira is a registered agent for Spain Inn.

31. On information and belief, Moreira owns and maintains control, oversight, and direction over Spain Inn.

32. On information and belief, Spain Inn (1) engages in commerce or in the production of goods for commerce and handling, selling or otherwise working on goods or materials that have been moved in or produced for commerce by any person; and (2) an annual gross volume of sales in excess of $500,000.

33. Defendant Spain Inn employs similarly situated employees of the FLSA Collective at all times relevant.

**Defendant Jose Moreira**

34. Moreira is a person engaged in business in Essex County, who is sued individually in his capacity as an owner, officer and/or agent of Casa Nova Grill and Brazilian Barbecue.

35. On information and belief, Moreira maintains control, oversight and direction over Casa Nova Grill and Brazilian Barbecue.

36. On information and belief, Moreira exercises sufficient control over Casa Nova Grill and Brazilian Barbecue to be considered Plaintiff's employer under the FLSA, NJWHL, and NJWPL, and at all times material hereto said Defendant had the authority to hire and fire employees, set employee schedules and conditions of employment, determine rates and methods of payment to employees, and maintain employment records.

37. Defendant Moreira employed Plaintiff and similarly situated employees at all times relevant.

38. Defendant Moreira had substantial and operational control over Plaintiff' working conditions and the practices alleged herein.

## FLSA COLLECTIVE ACTION ALLEGATIONS

39. The claims in this Complaint arising out of the FLSA are brought by Plaintiff on behalf of other similarly situated employees who are current and former employees of Defendants since the date three years prior to the filing of this Complaint who elect to opt-in to this action (the "FLSA Collective").

40. The FLSA Collective includes all Workers at the restaurants owned by Moreira throughout New Jersey.

41. Presently, the FLSA Collective consists of approximately 50 similarly situated current and former employees of Defendants who have been victims of Defendants' common policy and practices that have violated their rights under the FLSA, *inter alia*, willfully denying them overtime wages.

42. As part of its regular business practice, Defendants have intentionally, willfully and repeatedly harmed Plaintiff and the FLSA Collective by engaging in a pattern

and/or policy of violating the FLSA. This pattern and/or policy includes, *inter alia*, the following:

     i. failing to pay employees the applicable overtime rate for all time worked in excess of 40 hours per week;

     ii. failing to keep accurate records of hours worked by employees as required by the FLSA.

     iii. Not paying employees for the first week of work and their last weeks of work.

43. Defendants have engaged in their unlawful conduct pursuant to a corporate policy of minimizing labor costs and denying employees compensation. Defendants' unlawful conduct has been intentional, willful and in bad faith, and has caused significant damage to Plaintiff and the FLSA Collective.

44. The FLSA Collective would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join in the present action. Those similarly situated employees are known to Defendants and are readily identifiable and locatable through their records. These similarly situated employees should be notified of and allowed to opt into this action, pursuant to 29 U.S.C. § 216(b).

45. The FLSA requires that employers pay all employees at least one and one-half times the employee's wage for all hours worked in excess of 40 hours during any workweek, unless they are exempt from coverage.

46. Defendants failed to compensate Plaintiff and members of the FLSA Collective at one and one-half times the employees' wage for all hours worked in excess of 40 during any workweek. The exact accounting of such discrepancy can only be determined upon completion of discovery.

47. Plaintiff and members of the FLSA Collective were not given notice containing the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal or lodging allowances; the regular pay day designated by the employer in accordance with the FLSA; and anything otherwise required by law.

48. Defendants paid Plaintiff and members of the FLSA Collective wages without any accompanying statement listing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission or other; the regular hourly rate or rates of pay; the overtime hours worked; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; and net wages in accordance with the FLSA.

## STATEMENT OF FACTS

**The Casa Nova Group**

49. Casa Nova Group owns and/or operates multiple Brazilian restaurants throughout New Jersey.

50. As set forth herein, these restaurants include at least three in New Jersey: Casa Nova (two in Newark) and Spain Inn (in Asbury).

51. At all times relevant to this Complaint, Defendants maintained a policy and practice of requiring Plaintiff (and all similarly situated employees) to work in excess of 40 hours a week without paying appropriate overtime compensation as required by federal and state laws.

8

52. Plaintiff was a victim of Defendants' common policy and practices, which violated his rights under the FLSA and NJWHL by, *inter alia*, not paying him for all hours worked and time and a half for work performed after 40 hours.

**Plaintiff Carlos Ochoa's Employment with Casa Nova Grill**

53. Ochoa worked for Defendants at the Casa Nova Grill 264 Ferry St, Newark, NJ location.

54. From on or about June 8, 2017, to on or about July 4, 2023, Ochoa worked as a Worker on behalf of Defendants.

55. Towards the end of his employment with Defendants, Plaintiff began to suffer from anxiety and depression.

56. As a Worker, Ochoa's duties included cleaning the restaurant, changing the tablecloths after each service, and washing all the restaurant's linens, assisting with unloading merchandise from delivery trucks, and setting up rooms for events hosted at the restaurant.

57. Ochoa worked for Defendants six days a week.

58. Ochoa's schedule was as follows: Monday, Tuesday, Thursday, Friday, Saturday, and Sunday, from 7 a.m. to 4 p.m.

59. However, Ochoa occasionally worked after 4:00 p.m.

60. Ochoa would usually work past 4pm when there were events at the restaurant.

61. When Defendants had an event, Plaintiff would usually end up working at least 60 hours.

62. From on or about June 2017 through December 2018, Ochoa was paid $8.50 per hour for all hours worked.

63. From on or about January 2019 until December 2019, Ochoa was paid $9.00 per hour for all hours worked.

64. From on or about January 2020 until December 2020, Ochoa was paid $10.00 per hour for all hours worked.

65. From on or about January 2021 until December 2021, Ochoa was paid $11.00 per hour for all hours worked.

66. From on or about January 2022 until December 2022, Ochoa was paid $11.50 per hour for all hours worked.

67. From on or about January 2023 until June 27, 2023, Ochoa was paid $12.50 per hour for all hours worked.

68. Throughout his employment with Defendants, Ochoa was paid in currency (cash) for all hours worked including hours after 40 hours.

69. Defendants paid Plaintiff in cash for hours worked past 40 to unlawfully circumvent their obligations under the FLSA and the NJPWL.

70. Throughout his employment with Defendants, Ochoa regularly worked more than 40 hours each week.

71. Throughout his employment with Defendants, Ochoa was not compensated for overtime in compliance with the FLSA and the NJPWL.

72. At no point in time did Defendants discuss with Ochoa what, if any, would be his overtime rate of pay.

73. Defendants never provided Ochoa with a written wage notice in English and his native language Spanish, setting forth his regular hourly rate of pay and corresponding overtime rate of pay.

74. When Ochoa was paid, Defendants did not provide Ochoa with a statement. Instead, Ochoa was given a piece of paper or an envelope containing the hours worked and the corresponding compensation.

75. Ochoa was required to sign in and sign out in the course of his employment.

76. During Ochoa's employment, Defendants failed to maintain accurate and sufficient time and pay records.

**Unlawful Termination**

77. On or about June 27, 2023, Ochoa spoke with Moreira. In this conversation, Ochoa requested permission from Moreira to take a medical leave pursuant to the FMLA and the NJ LAD.

78. Ochoa asked for a medical leave due to anxiety and depression.

79. Moreira declined Plaintiff's request for a medical leave, citing limited staff.

80. Later that same day, Plaintiff feeling increasingly unwell, proceeded to go to the hospital for medical treatment.

81. Plaintiff was admitted and remained hospitalized for about seven days due to his condition.

82. On or about July 4, 2023, Plaintiff was discharged from the hospital.

83. Immediately thereafter, Plaintiff went back to work and spoke with his manager, Fabio Torres.

84. Torres advised Plaintiff against an immediate return to work.

85. Plaintiff contacted his manager again in the following days to discuss returning to work. However, he was instructed to await further communication.

86. On July 18, 2024, Plaintiff was asked to go to the restaurant by his manager, Torres.

87. This led to a meeting between Plaintiff and Torres.

88. During this meeting, Plaintiff was informed by Torres that he was terminated.

89. Plaintiff was unlawfully terminated for engaging in protected activity under the FMLA and the NJ LAD.

90. As a result of being terminated due to perceived disability discrimination, Plaintiff has endured and continues to endure significant emotional distress.

91. Following his recent hospitalization for depression, the termination exacerbated his condition, resulting in disrupted sleep patterns and heightened anxiety.

92. Plaintiff also feels stigmatized and experiences a loss of self-esteem, compounded by financial stressors and uncertainty about his future, leading to extreme anxiety.

## FIRST CAUSE OF ACTION
### Unpaid Minimum Wages in Violation of New Jersey Wage and Hour Law
### (On Behalf of Plaintiff)

93. Plaintiff, realleges and incorporates by reference all allegations in all preceding paragraphs.

94. At all times relevant to this action, Plaintiff was employed by Defendants within the meaning of the NJWHL.

95. Defendants failed to pay Plaintiff minimum wage for hours worked in violation of the NJWHL.

96. Through their knowing or intentional failure to pay Plaintiff minimum wages for hours worked, Defendants have willfully violated the NJWHL. N.J.S.A. 34:11-56(a) *et seq*, and the supporting New Jersey Division of Wage and Hour Compliance.

97. Due to Defendants' willful violations of the NJWHL, Plaintiff is entitled to recover from Defendants his unpaid minimum wages, liquidated damages as provided for by the NJWHL, reasonable attorneys' fees, costs and pre-judgment and post-judgment interest.

## SECOND CAUSE OF ACTION
### FLSA Overtime Violations, 29 U.S.C. §§ 201, *et seq.*
### (On Behalf of Plaintiff and the FLSA Collective)

98. Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

99. The FLSA Collective consists of all restaurants owned and operated by Defendants throughout New Jersey.

100. Throughout the relevant time period, Plaintiff and the FLSA Collective regularly worked in excess of 40 hours per workweek.

101. At all relevant times throughout Plaintiff' employment, Defendants have operated under a policy of willfully failing and refusing to pay Plaintiff and the FLSA Collective one and one-half times the regular hourly rate of pay for all work in excess of 40 hours per workweek, and willfully failing to keep records required by the FLSA, even though Plaintiff and the FLSA Collective were entitled to receive overtime payments.

102. At all times relevant throughout Plaintiff's employment, Defendants willfully, regularly, and repeatedly failed to pay the required rate of one and one-half times their regular hourly rate for all hours worked in excess of 40 hours per workweek.

103. Defendants' decision not to pay overtime was willful.

104. Plaintiff and the FLSA Collective seek damages in the amount of their unpaid overtime compensation, liquidated damages as provided by the FLSA for overtime violations, attorneys' fees and costs, and such other legal equitable relief as this court deems just and proper.

**THIRD CAUSE OF ACTION**
**New Jersey Wage and Hour Law – Unpaid Overtime Wages**
**(On Behalf of Plaintiff)**

105. Plaintiff, on behalf of himself and the Class, realleges and incorporates by reference all allegations in all preceding paragraphs.

106. At all times relevant, Plaintiff was an employee of Defendants, and Defendants have been the employer of Plaintiff and the Class within the meaning of the NJWHL and the supporting New Jersey Department of Labor Regulations.

107. At all times relevant, Plaintiff was covered by the NJWHL.

108. At all times relevant to this action, Defendants were responsible for paying overtime wages to Plaintiff for each hour worked in excess of 40 in a week at a rate of time and one-half their regular rate of pay.

109. At all times relevant Defendants had a policy and practice of refusing to pay the overtime compensation to Plaintiff at one and one-half their regular rate of pay.

110. Defendants failed to pay Plaintiff the overtime wages to which he was entitled under the NJWHL and the supporting New Jersey Department of Labor Regulations.

111. Defendants' failure to pay required overtime was willful.

112. Through their knowledge and intentional failure to pay overtime wages to Plaintiff, Defendants have willfully violated the NJWHL, N.J.S.A. §34:11-56(a), *et seq*. and the supporting New Jersey State Department of Labor Regulations.

113. Due to Defendants' willful violations of the NJWHL, Plaintiff is entitled to recover from Defendants his unpaid overtime wages, liquidated damages, reasonable attorneys' fees, costs, and pre-judgment and post-judgment interest as provided by the NJWHL.

## FOURTH CAUSE OF ACTION
### New Jersey Wage Payment Law – Failure to Provide Accurate Wage Notices
**(On Behalf of Plaintiff)**

114. Plaintiff, realleges and incorporates by reference all allegations in all preceding paragraphs.

115. Defendants willfully failed to supply Plaintiff with wage notices, as required by NJWPL in English or in the language identified by Plaintiff as their primary language, containing their rate of pay, including but not limited to overtime rates of pay and basis thereof; the regular payday designated by the employer in accordance with NJWPL.

116. Through their knowing or intentional failure to provide Plaintiff the wage notices required by the NJWPL, Defendants willfully violated NJWPL and the supporting New Jersey Department of Labor Relations regulations.

117. Due to Defendants' willful violations of NJWPL, Plaintiff is entitled to recover damages determined by the statute, reasonable attorneys' fees, costs and injunctive and declaratory relief, as provided for by NJWPL.

### FIFTH CAUSE OF ACTION
### Violations of the FMLA
### (On Behalf of Plaintiff)

118. Pleading further and in the alternative, Plaintiff hereby repeats and realleges the above paragraphs as though fully set forth herein.

119. At all times material hereto, Defendants each had more than 15 employees.

120. Plaintiff was subjected to a hostile work environment towards the end of his employment with Defendants through disparate treatment, pretextual admonishment, and demeaning and/or discriminatory treatment toward him because of his (1) actual/record of/perceived disability, (2) record of disability; and/or (3) requests for reasonable accommodations.

121. Defendants terminated Plaintiff's employment because of (1) his actual/record of perceived disabilities; (2) his record of disabilities; (3) his requests for a reasonable accommodations; and/or (4) Defendants' failure to accommodate his requests for a reasonable accommodation.

122. By committing the foregoing acts of discrimination and retaliation against Plaintiff, Defendants violated the FMLA.

### SIXTH CAUSE OF ACTION
### Violations of the NJ LAD
### (On behalf of Plaintiff)

123. The foregoing paragraphs are incorporated herein in their entirety as if

set forth in full.

124.    Plaintiff re-asserts and re-alleges each and every allegation as set forth in Count XI of this Complaint, supra, as such actions constitute identical violations of the NJ LAD

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for the entry of an order and judgment against the Defendants, Casa Nova Led LLC, Brazilian Barbecue Casa Nova III Inc., Spain Inn Inc. and Jose Moreira, as follows:

(a) Defendants are to compensate Plaintiff, reimburse Plaintiff and make Plaintiff whole for any and all pay and benefits Plaintiff would have received had it not been for Defendants' unlawful actions, including, but not limited to back pay, front pay, salary, pay increases, bonuses, insurance, benefits, training, promotions, reinstatement and seniority.

(b) Plaintiff is to be awarded liquidated and punitive damages, as permitted by applicable law, in an amount believed by the Court or trier of fact to be appropriate to punish Defendants for their willful, deliberate, malicious and outrageous conduct and to deter Defendants or other employers from engaging in such misconduct in the future;

(c) Plaintiff is to be accorded other equitable and legal relief as the Court deems just, proper and appropriate (including but not limited to damages for emotional distress/pain and suffering);

(d) Plaintiff is to be awarded the costs and expenses of this action and reasonable attorneys' fees as provided by applicable federal and state law.

(e)      Designation of this action as a collective action on behalf of the FLSA Collective and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to assert timely FLSA claims and state claims in this action by filing individual Consent to Sue forms pursuant to 29 U.S.C. § 216(b);

(f)      Damages for the unpaid overtime wages due to Plaintiff and the FLSA Collective, in an amount to be determined at the trial of the action, liquidated damages as provided by the FLSA, interest, attorneys' fees, and the costs of the action;

(g)      Damages for the unpaid overtime wages, illegal pay deductions, wages and notice damages due to Plaintiff, in an amount to be determined at the trial of the action, liquidated damages, interest, attorneys' fees, and the cost of the action as provided by the NJWHL and NJWPL;

(h)      A finding that Defendants engaged in unlawful retaliation against Plaintiff;

(i)      For pre-judgment and post-judgment interest on the foregoing amounts;

Dated: February 23, 2024
        New York, New York

                                   **THE LAW OFFICES OF JACOB ARONAUER**

                                   Respectfully submitted,

                                   */s/ Jacob Aronauer*
                                   Jacob Aronauer
                                   250 Broadway, Suite 600
                                   New York, NY 10007
                                   (212) 323-6980
                                   jaronauer@aronauerlaw.com