UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY
------------------------------------------------------------------------------X
CARLOS OCHOA,

                                                                                Plaintiff,

        -against-

CASA NOVA LED LLC, d/b/a CASA NOVA GRILL,
BRAZILIAN BARBECUE CASA NOVA III INC. d/b/a
CASA NOVA ADAMS, SPAIN INN INC. d/b/a SPAIN
INN II, and JOSE MOREIRA, individually,

                                                        Defendants.
------------------------------------------------------------------------------X

2:24-cv-01062 (CCC) (CLW)

HON. CATHY WALDOR

## **ORDER OF COURT**

Named Plaintiff Carlos Ochoa moves for approval of an individual settlement in which Defendants Casa Nova Led LLC, d/b/a Casa Nova Grill, Brazilian Barbecue Casa Nova III Inc. d/b/a Casa Nova Adams, Spain Inn Inc. d/b/a Spain Inn II and Jose Moreira, individually will pay a gross sum of $19,729.98 in exchange for releases of Plaintiff's claims under Federal and New Jersey state law. Plaintiff also moves for approval of awards to Plaintiff's counsel of $10,270.02 in attorney fees and litigation expenses.

Under review of the proposed settlement and Plaintiff's brief and accompanying materials in support of his motion, the Court makes the following findings:

1. The proposed settlement reflects the resolution and compromise of a *bona fide* dispute regarding whether Defendants' policies and/or practices violated the FLSA and the extent of any unpaid minimum or overtime wages. Defendants maintained that its wage payment policies and practices were lawful, that Plaintiff's factual allegations were incorrect and

that numerous other substantive and procedural defenses would preclude collective action treatment or any recovery on the merits by Plaintiff. These disputes would require further litigation and Court rulings or a jury trial to resolve.

2. The proposed settlement is fair and reasonable under the factors set forth in *Lin v. Dim Sum Villa LLC et al.*, 16-cv-05626 at dkt 29.

3. The proposed settlement does not frustrate the purposes of the FLSA. The releases granted by Plaintiff in the agreement are reasonably limited in scope and time to the claims that were raised or could have been raised in this action. Plaintiff previously filed a complaint with the EEOC which is why it is reasonable to include a release of all potential employment related claims.

4. The requested attorney fee of $9,865.02 or 1/3 after reimbursement of expenses, is supported by the application of factors listed in *Lin*. Plaintiff's counsel conducted the litigation with skill and efficiency, and the recovery for the participating Plaintiff is potentially in excess of Plaintiff's probable recovery given the significant factual burdens and procedural hurdles waiting him if litigation continued.

5. The percentage requested is in line with approved fee requests in similar cases. The request is also reasonable considering a lodestar cross-check. Plaintiff's counsel attestation that the hours recovered by his firm is reasonable given the stage of proceedings. The hourly rate is reasonable considering the complexity of the issues and the discovery and motion practice conducted by Plaintiff's counsel. The hourly rates sought are consistent with the hourly rate sought by attorneys practicing in Newark, NJ. The lodestar derived from Plaintiff's counsel hourly rates multiplied by the hours performed indicates a multiplier of less than one when compared to the requested fee of

$10,270.02 Rather than a windfall, this indicates a significant opportunity cost on the part of Plaintiff's counsel.

6. The requested reimbursed of $405 in litigation expenses is reasonable. The expenses incurred were necessary in furtherance of the litigation and overall, a small percentage of the gross settlement fund.

Based on the foregoing findings, the Court ORDERS as follows:

- The proposed settlement is approved.
- $19,729.98 to Plaintiff
- The Court awards attorney fees of $9,865.02 to Plaintiff's counsel.
- The Court awards litigation expenses of $405 to Plaintiff's counsel.
- The case is dismissed with prejudice.

It is SO ORDERED, this  7th  day of   October  , 2024

By the Court,

*s/ Cathy L. Waldor*
Hon. Cathy Waldor, U.S.M.J.